Electronically Filed
Intermediate Court of Appeals
30351
07-MAR-2011
08:19 AM

NO. 30351

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GRICOR NAZARIAN, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1277)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Gricor Nazarian (Gricor) appeals from the Judgment of Conviction and Probation Sentence filed on January 21, 2010 in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Gricor contends the circuit court erred by denying his Motion to Withdraw Guilty Plea because he (1) "did not knowingly, intelligently, or voluntarily waive his rights in pleading guilty" and (2) "presented a fair and just reason for his request to withdraw his plea."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Steven S. Alm presided

well as the relevant statutory and case law, we conclude that Gricor's appeal is without merit.

To withdraw a plea before sentencing, Gricor must first present a fair and just reason for withdrawal and second must show that the "State has not relied upon the plea to its substantial prejudice." State v. Gomes, 79 Hawai'i 32, 36, 897 P.2d 959, 963 (1995) (quoting State v. Adams, 76 Hawai'i 408, 411, 879 P.2d 513, 516 (1994)). If Gricor "cannot carry the threshold burden of showing a 'fair and just reason' for withdrawing the plea, the following issue of the State's detrimental reliance upon the plea is of no consequence." State v. Topasna, 94 Hawai'i 444, 451, 16 P.3d 849, 856 (App. 2000). "The two fundamental bases for showing a 'fair and just reason' for withdrawing a guilty plea are (1) that the defendant did not knowingly, intelligently and voluntarily waive the rights relinquished upon pleading guilty, or (2) that changed circumstances or new information justify withdrawal of the plea." Id. at 452, 16 P.3d at 857.

Because "[a] trial judge is constitutionally required to ensure that a guilty plea is voluntarily and knowingly entered[,] . . . the court should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences." State v. Solomon, 107 Hawai'i 117, 126, 111 P.3d 12, 21 (2005) (quoting State v. Williams, 68 Haw. 498, 499, 702 P.2d 1010, 1012 (1986)).

"Additionally, when a trial court accepts a guilty plea, [Hawai'i Rules of Penal Procedure (HRPP)] Rule 11 requires the court to first address the defendant personally in open court and then determine that the plea is voluntary." Solomon, 107 Hawai'i at 127, 111 P.3d at 22.

On May 4, 2009, the circuit court addressed Gricor in open court:

> THE COURT: Okay. Your attorney has handed me a two-page written guilty plea form with a two-page letter about a proposed plea agreement from Mr. Cook [State's attorney] to Mr. Burke [Gricor's attorney] about your case. That's attached. On page 2 of the guilty plea form, about halfway down, there is a signature. Is that your signature?
>
> DEFENDANT GRICOR NAZARIAN: Yes, sir.
>
> THE COURT: All right. And did you sign this after going over the whole thing with Mr. Burke?
>
> DEFENDANT GRICOR NAZARIAN: Yes, sir.
>
> THE COURT: You understand you're in court today pleading guilty to one count of Theft in the First Degree?
>
> DEFENDANT GRICOR NAZARIAN: Yes, sir.
>
> THE COURT: You understand that is a class B felony so you face a maximum possible punishment of 10 years in prison and up to a 25,000-dollar fine?
>
> DEFENDANT GRICOR NAZARIAN: Yes, sir.
>
> THE COURT: Do you understand what that charge is all about, what you're being charged with?
>
> DEFENDANT GRICOR NAZARIAN: Yes, sir.
>
> THE COURT: And do you understand that anytime somebody pleads guilty, it means they're choosing to do that and are giving up the right to have a trial in this matter. If there were a trial, the prosecutor, Mr. Cook, would bring in witnesses and other evidence and try to prove this charge against you beyond a reasonable doubt. Your attorney, Mr. Burke, would be able to ask questions or cross-examine all the State's witnesses, challenge all of their evidence. You could bring witnesses on your behalf. You could testify if you wanted to. If it was a trial in front of a jury and you decided you didn't want to testify, I would tell the jurors they couldn't hold your silence against you when they decided the case.[2] You'd also be able to help your lawyer pick or select the jury. But anytime somebody pleads guilty, it means they're choosing to do that and are giving up the right to have a trial, confront witnesses, and the like. Do you understand all of that?
>
> DEFENDANT GRICOR NAZARIAN: Yes, sir.

---

[2] Although the circuit court did not explicitly inform Gricor that he was waiving his privilege against self-incrimination, the circuit court did inform Gricor that if he went to trial, he would not have to testify if he did not want to, which is effectively his privilege against self-incrimination.

THE COURT: All right. Now, is anyone or anything forcing you or pressuring you to plead guilty?

DEFENDANT GRICOR NAZARIAN:    No.

THE COURT: Okay. I also have to tell you, whether it applies to you or not because I have to tell everybody the same thing, if you're not a United States citizen, pleading guilty can have immigration consequences, including the possibilities of deportation, denial of naturalization as a United States citizen, and denial of future admission into the United States. Do you understand all that?

DEFENDANT GRICOR NAZARIAN:    Yes.

*              *              *

[THE COURT:] Apart from what I have just said to you, has anybody promised you or assured you of anything?

DEFENDANT GRICOR NAZARIAN:    No.
.  .  .  .

[THE COURT:] Apart from what I have just told you, has anybody promised you or assured you of anything regarding how this case is going to be handled, Mr. Nazarian?

DEFENDANT GRICOR NAZARIAN:    No.

THE COURT: Okay. All right, you've had a chance to discuss this whole thing with your attorney, Mr. Burke?

DEFENDANT GRICOR NAZARIAN:    (Nods head)

THE COURT: And are you satisfied with his advice and representations?

DEFENDANT GRICOR NAZARIAN:    Yeah.

THE COURT: Okay, Mr. Nazarian, as to the single count of Theft in the First Degree, what is your plea to that charge?

DEFENDANT GRICOR NAZARIAN:    Guilty.

The above colloquy demonstrates that the circuit court complied with HRPP Rule 11 and that Gricor's plea and waiver of rights was done knowingly, intelligently, and voluntarily.

The record indicates that although Gricor was torn between accepting the plea agreement or allowing his wife to face possible negative immigration consequences, Gricor nonetheless entered his plea voluntarily. The record does not indicate that the circuit court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the

4

substantial detriment of a party litigant." State v. Crisostomo, 94 Hawai'i 282, 287, 12 P.3d 873, 878 (2000) (internal quotation marks and citation omitted).

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on January 21, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 7, 2011.

On the briefs:

William A. Harrison
(Harrison & Matsuoka)
for Defendant-Appellant.

Albert Cook,
Deputy Attorney General,
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge

5